Carolee STEPHENSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M-83-428.

Court of Criminal Appeals of Oklahoma.

Nov. 30, 1984.

Mac Oyler, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Terry L. Jenks, Legal Intern, for appellee.

## OPINION

**PER CURIAM:**

The appellant, Carolee Stephenson, hereinafter referred to as the defendant, was convicted of Negligent Homicide in Canadian County District Court, Case No. CRM–82–745, was fined one thousand dollars ($1,000) and she appeals.

We deem it unnecessary to fully set forth the facts other than that the defendant's conviction stems from the defendant's car colliding with another vehicle, killing its driver on a two-lane highway six miles south of Geary, Oklahoma.

■ We are of the opinion that the defendant was deprived of her right to a fair trial because of the cumulative effect of several instances of improper prosecutorial closing arguments and cross-examination of the defendant. Some of the comments were objected to at trial.

The improper cross-examination of the defendant was as follows:

Q. As to your driving habits, have you ever been stopped for speeding before?
MR. BROWN: Your Honor, I object. That is completely immaterial.
THE COURT: I'm going to allow it.
    *    *    *    *    *    *

Q. (By Ms. Strubhar.) Have you ever been stopped for speeding before by anyone?
A. Yes.

The prosecutor then questioned whether she had a fuzzbuster in her glove compartment, whether she knew it was a crime for her to have altered her drivers' license by typing, "Juvenile Officer" on it and whether she had ever been stopped other than on the one previous occasion. These questions were targeted to prejudice the defendant because they implied that she used her altered license and a fuzzbuster to escape speeding tickets and they were in no way germane to her guilt or innocence on the present charge.

The prosecutor was not content to let the comments rest as she reiterated them in her closing argument:

Her driving habits—she admitted on the stand that she had received a speeding ticket the year before here in Canadian County. We have an altered driver's license. We have a fuzzbuster in the glove compartment.

Some people drive faster than what they should. Is the defendant one of those people?

This comment was wholly improper because the record is void of any evidence to support the inference that she was speeding.

■ Normally an admonition to the jury not to consider remarks of counsel cures an error unless it is of such a nature after considering the evidence that the error appears to have determined the verdict. *Kitchens v. State*, 513 P.2d 1300 (Okl.Cr. 1973). In the instant case, the trial court admonished the jury, but coupled with comments which went unobjected at trial appealing to societal alarm and to evoke sympathy for the victim and her giving her personal opinion that the defendant was not telling the truth, the defendant was deprived of her right to a fair trial.[1]

---

1. The improper comments were:

A) Was she telling the truth?

Accordingly, the judgment and sentence is REVERSED and REMANDED for a new trial in accordance with the views expressed herein.

I know she wasn't telling the truth when she said she exited the highway first. I know she wasn't telling the truth when, in fact, she said, 'I was trying to avoid the sign ...' (Tr. 241) See, *Davis v. State,* 665 P.2d 1186, 1200 (Okl.Cr. 1983).
B) I don't have Michael Hayes here to testify .... For sure I know Michael Hayes was there. He's not here to testify ... (Tr. 237).
C) The officers who arrived at the scene made a ... report. All of that was brought to our office. That's the first link in any kind of criminal prosecution.
The next link is to be brought to the Assistant District Attorney or District Attorney's office.... We did our job. We filed the information. We presented it to you. That's two links.
You know that in any kind of criminal prosecution or any kind of prosecution there has to be a third link. You know who that third link is. I ask you to set the standards. You are the representatives of the people of Canadian County .... What are you going to set for standards for a negligent homicide case when we have somebody killed by the act of someone else driving on the highway? (Tr. 245).